336 S.W.3d 917 (2011)
J.K.B., A child under eighteen, Appellant,
v.
COMMONWEALTH of Kentucky, Appellee.
No. 2010-CA-001062-ME.
Court of Appeals of Kentucky.
January 28, 2011.
Discretionary Review Denied by Supreme Court May 11, 2011.
Harolyn Howard, Assistant Public Advocate, Department of Public Advocacy, Elizabethtown, KY, Gail Robinson, Rebecca Hobbs, Assistant Public Advocates, Department of Public Advocacy, Frankfort, KY, for appellee.
No Brief filed for Appellee.
Before KELLER, NICKELL, and STUMBO, Judges.

OPINION
STUMBO, Judge:
J.K.B., a minor (hereinafter referred to as Child), appeals from an order of the Hardin Family Court imposing certain educational requirements upon him until he reaches the age of 21. The order resulted after the court found Child to be a habitual truant and beyond the control of his parent.[1] Child argues that the family court loses jurisdiction over him when he turns 18 years old, and that as such, the educational *918 requirements must end at that time. The Commonwealth did not file a brief in this matter. We agree that the family court loses jurisdiction over Child when he reaches the age of 18 and that the educational requirements terminate at that time. Accordingly, we reverse the order on appeal and remand the matter to the Hardin Family Court.
P.B. (hereinafter referred to as Mother) swore out a complaint alleging that her 12-year old son, Child, was beyond her control. Child appeared before the court and admitted to being beyond the control of his mother. The court entered an order requiring Child to obey certain rules. One such rule required Child to attend all classes on time, have no unexcused absences, and have no behavioral problems at school. The court ordered that these educational requirements should apply until Child reached the age of 21 if he is still enrolled in school, turned 18 and is no longer in school, graduated from high school, or obtained his GED, whichever comes first. Defense counsel objected arguing that family court loses jurisdiction over a juvenile once the juvenile turns 18 and therefore any requirement purporting to last until Child turns 21 was in error. The court declined to modify its order and entered another order finding that Child was a habitual truant and discussing the reasoning for extending the order until Child is 21. This appeal followed.
Child is correct that the family court's jurisdiction ends once he turns 18. KRS § 610.010(2) states:
Unless otherwise exempted by KRS Chapters 600 to 645, the juvenile session of the District Court of each county or the family division of the Circuit Court shall have exclusive jurisdiction in proceedings concerning any child living or found within the county who has not reached his or her eighteenth birthday and who allegedly:
(a) Is beyond the control of the school or beyond the control of parents as defined in KRS 600.020;
(b) Is an habitual truant from school . . . (Emphasis added).
Further, "[e]xcept as otherwise provided. . . an order of commitment, temporary custody, or an order of protective supervision or probation made by the court in the case of a child shall be terminated when the child attains the age of eighteen (18)." KRS § 610.120(3) (Emphasis added). As these two statutes indicate, the Hardin Family Court no longer has jurisdiction over Child once he turns 18.
Additionally, the family court applied these educational requirements because it found Child to be a habitual truant. Habitual truant is defined in KRS § 600.020(28) as "any child who has been found by the court to have been reported as a truant as defined in KRS 159.150(1) two (2) or more times during a one (1) year period. . . ." KRS § 159.150(1) states "[a]ny student who has attained the age of six (6) years, but has not reached his or her eighteenth birthday, who has been absent from school without valid excuse for three (3) or more days, or tardy without valid excuse on three (3) or more days, is a truant." It is clear from these two statutes that the legislature intended a habitual truant to be a child between the ages of 6 and 18. Had the legislature intended the definition of habitual truant to encompass people over 18 years old, it would have included KRS § 159.150(2) in the definition. KRS § 159.150(2) states that any student enrolled in school who is 18, but not reached his or her twenty-first birthday, can be deemed a truant.
We agree that a family court loses jurisdiction over a child who is found to be beyond the control of a parent or a habitual *919 truant once the child turns 18. We therefore reverse and remand this case to the Hardin Family Court for further proceedings consistent with this opinion.
ALL CONCUR.
NOTES
[1] Child was not charged with habitual truancy and defense counsel objected to a finding of such; however, the educational requirements would still have been imposed under a sole finding of beyond the control of parent.